UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Veda Pryor

14769 London Lane

Bowie, Maryland 20715

301-352-7099, 240-286-6094

VS.                                                                 CIVIL ACTION NO. 1:07-CV-01392-RMC

The Honorable Pete Geren

Secretary of the US Army

101 Army Pentagon

Washington, DC 20310-0101

Robert M. Fano

Chief, Civilian Personnel Law Team

Department of the Army

Office of the Judge Advocate General

1777 North Kent Street

Rosslyn, Virginia 22209-2194

Eugene Johnson

Compensation Specialist

Department of the Army

Field OP Agencies of the OSA

HQDA-CPAC-LMER-Box 37

2511 Jefferson Davis Highway

Arlington, Virginia 22202

**RECEIVED**

AUG 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**AMENDMENT TO ORIGINAL COMPLAINT**

I, Veda Pryor (Complainant) at this time would like to respectfully request that I have the opportunity to amend the original complaint, civil action#: 071392RMC, as you will find the attached letter right to sue dated August 1, 2007.

The Agency and its representatives have continuously acted reckless and in bad faith throughout the negotiated settlement agreement dated December 12, 2006. The agency has also failed to present any case law providing that their determination of compliance was based on law or statues regarding federal civilian employees. Two days before the agreement an EEO Administrative law judge had decided to hear the case in mid-January of 2007. I respectfully requested that the Office of EEO Compliance and Complaints Review reinstate the cases, and this request was denied.

The agency continuously denies any wrongdoings, beginning with they did not provide a timely promotion in January 2007, and Agency's Representative felt that he would give 2 weeks of leave without pay to replace the 2 weeks of pay. After my May 7, 2007 resignation the Agency held the SF-52 for personnel action for 7 weeks, and claimed that it was a mistake. During this time frame and before I was in contact with Mr. David Glover, human resource contact who claimed that my paperwork was with other human resource specialist, on June 6, 2007, I was contacted by the Army Benefits Office who informed me that the resignation was not processed. From February to June 2007 I also filed complaints with Senator Barbara Mikulski office. Contacting Senator Mikulski's office is something I have had to do since 2001-to the present. Because of this it led to constant reprisal and harassment.

I did not receive any papers from the Agency until June 27, 2007, by this time my health benefits and life insurance had terminated, and Eugene Johnson, Compensation Specialist informed Army benefits to process my paperwork because I was not entitled to have my benefits transferred to the Office of Workers Compensation, he had also informed the Office of Workers Compensation that I was not entitled to benefits and had also informed the Virginia State Department of Unemployment that I was not entitled to

benefits either. This was also an act of recklessness and reprisal on the behalf of the Agency. These actions and remarks were also put in writing by Mr. Johnson. After this reckless behavior his supervisor sends out a letter of apology. The Agency is required to notify an employee no later than 30-days of health coverage. During this time my health insurance carrier sent bills requesting payments, I had prescriptions that needed to be filled for asthma and bills were sent for that and other doctor bills. Because of the actions and remarks of Mr. Robert Fano and Mr. Eugene Johnson, I have suffered continuous emotional distress and direct economic harm. This is also what I suffered from 2001 to the present along with documented anxiety and depression from 2001-2006, because of my injury, retaliation and harassment along with reporting it to Senator Barbara Mikulski's office. There is documentation of all of these incidents, since this agreement was put in place and before.

The Agency never admits to the wrongdoing, and before a judge can even look at what has occurred the Agency quickly moves for a motion for summary judgment to prevent the case from going to trial. The Agency has violated Section 1614.504. And to add there were no enclosures 3a or 3b, attached to my right to sue, just enclosure 3.

At this time I respectfully request that this amendment be added to reopen the cases that were going to be heard before the Administrative Judge in January 2007 and to add equitable relief which can constitute such items as reinstatement, back pay, back benefits and front pay, which are solely within the judge's purview to grant.

                                                Respectfully submitted,

                                                */s/ Veda Pryor*
                                                Veda Pryor

                                                14769 London Lane

                                                Bowie, Maryland  20715

Aug. 9, 2007



**DEPARTMENT OF THE ARMY**
EQUAL EMPLOYMENT OPPORTUNITY
COMPLIANCE AND COMPLAINTS REVIEW
1901 SOUTH BELL STREET, SUITE 109B
ARLINGTON, VA 22202-4508

REPLY TO
ATTENTION OF

1 AUG 2007

Equal Employment Opportunity
 Compliance and Complaints Review

Ms. Veda L. Pryor
14769 London Lane
Bowie, Maryland 20715

      Complaint of Veda L. Pryor v.
      Pete Geren, Secretary of the Army
      DA Docket Number: ARHQOSA05NOV12283 &
                ARHQOSA04FEB0142

Dear Ms. Pryor:

  This is in response to your letter of June 14, 2007, received in this office on June 14, 2007 and your letter of July 5, 2007 (Enclosure [Encl.] 1a & 1b).[1] You claim that management has not complied with the negotiated settlement agreement (NSA) executed on December 12, 2006 (Encl. 2). You asked for a reinstatement of the agreement.

  Subsequent to the receipt of your letter, the EEO office was contacted and requested to provide information and documentation concerning your allegation of noncompliance on June 5 and again on July 14, 2007. Thereafter, the EEO Office provided the enclosed documentation (Encl. 3a & 3b).

  Management has provided their response to your allegation of non-compliance along with documentation to support their response.

---

[1] For the record, it is noted that on February 5, 2007, you submitted to this office a letter of non-compliance for elements 4d-4g of the NSA (Encl.1c). On March 8, 2007, a decision was issued by this office finding that the activity mentioned above was in substantial compliance with 4d-4g of the NSA (see enclosure 1d). On February 20 & 26, 2007, you amended your letter of February 5, 2007 to include assertions regarding workers' compensation (1e & 1f). On April 3, 2007, a decision of compliance was issued by this office and you were instructed at that time, that workers' compensation issues do not fall under the purview of EEO (see enclosure 1g).

- 2 -

In your letter, you claim that the Army has failed to comply with the terms of your settlement agreement, yet you submit no documentation to support your allegation of non-compliance with the settlement agreement. In an allegation of non-compliance the complainant has the burden of providing evidence and/or documentation to support their allegations.

Please note from my letter of April 3, 2007, I stated at that time that your letter contained allegations regarding worker's compensation. Workers' compensation issues do not fall under the purview of EEO, and are dealt with by the Department of Labor guidelines. However, if you still feel that the Army is in non-compliance, you have a right to appeal to the Equal Employment Opportunity Commission.

Your letter of July 5, 2007, however, does state a legitimate claim of noncompliance since you are saying that the Army did not process your resignation in accordance with the timeframes in the NSA, section 4c. However, the agency submitted evidence that it extended your LWOP status by an additional 80 hours beyond that agreed to in the NSA, thereby remedying any failure on the Army's part to process the resignation within the timeframe stated in the NSA. Furthermore, from January 7, 2007, to June 22, 2007 (one day after the June 21, 2007 date on which your resignation SF-50 was signed), 120 work days (960 hours) were submitted to you.

Your letter contains claims not directly related to the terms of the NSA. Post-settlement claims of discrimination may be brought to the attention of the servicing EEO officer within 45 calendar days of when the complainant knew or should have known of the alleged incident(s). The EEO office may be contacted at the address provided in the certificate of service of this letter for further processing of your new complaint.

Pursuant to my authority to decide this matter on behalf of the Secretary of the Army, I find that the activity has complied with the terms of the NSA.

If you are not satisfied with this decision, your appeal rights follow:

**APPEAL RIGHTS FOR NONMIXED COMPLAINTS**

An appeal may be filed with the Equal Employment Opportunity Commission within <u>30 calendar days</u> of the date of receipt of this decision. The <u>30-day</u> period for filing an appeal begins on the date of receipt of this decision. An appeal shall be deemed timely if it is delivered in person, transmitted by facsimile or postmarked before the expiration of the filing period or, in the absence of a legible postmark, the appeal is received by the Commission by mail within 5 days after the expiration of the filing period. The complainant will serve a copy of the Notice of Appeal/Petition, EEOC Form 573, to the agency [Deputy for Equal Employment Opportunity Compliance and

- 3 -

Complaints Review, Department of the Army, ATTN: SAMR-EO-CCR, 1901 South Bell Street, Suite 109B, Arlington, Virginia 22202-4508] [and furnish a copy to the agency representative at the address on the enclosed Certificate of Service (Encl. 4] at the same time it is filed with the Commission. In or attached to the appeal to the Commission, the complainant must certify the date and method by which service was made to the agency [Deputy for Equal Employment Opportunity Compliance and Complaints Review].

The complainant may file a brief or statement in support of his/her appeal with the Office of Federal Operations. The brief or statement **must** be filed within 30 calendar days from the date the appeal is filed. The complainant will serve a copy of the brief or statement in support of his/her appeal to the agency [Deputy for Equal Employment Opportunity Compliance and Complaints Review and to the agency representative at the addresses shown above] at the same time the brief or statement is filed with the Commission. The regulation providing for appeal rights is contained in Title 29 of the Code of Federal Regulations, a section of which is reproduced below:

*Section 1614.401 Appeals to the Commission.*

*(a) A complainant may appeal an agency's final action or dismissal of a complaint.*

*(b) An agency may appeal as provided in Section 1614.110(a).*

*(c) A class agent or an agency may appeal an administrative judge's decision accepting or dismissing all or part of a class complaint; a class agent may appeal a final decision on a class complaint; a class member may appeal a final decision on a claim for individual relief under a class complaint; and a class member, a class agent or an agency may appeal a final decision on a petition pursuant to Section 1614.204(g)(4).*

*(d) A grievant may appeal the final decision of the agency, the arbitrator or the Federal Labor Relations Authority (FLRA) on the grievance when an issue of employment discrimination was raised in a negotiated grievance procedure that permits such issues to be raised. A grievant may not appeal under this part, however, when the matter initially raised in the negotiated grievance procedure is still ongoing in that process, is in arbitration, is before the FLRA, is appealable to the MSPB [Merit Systems Protection Board] or if 5 U.S.C. 7121(d) is inapplicable to the involved agency.*

*(e) A complainant, agent or individual class claimant may appeal to the Commission an agency's alleged noncompliance with a settlement agreement or final decision in accordance with Section 1614.504.*

- 4 -

**Section 1614.402  Time for appeals to the Commission.**

(a) Appeals described in Section 1614.401(a) and (c) must be filed within 30 days of receipt of the dismissal, final action or decision. Appeals described in Section 1614.401(b) must be filed within 40 days of receipt of the hearing file and decision. Where a complainant has notified the EEO Director [Deputy for Equal Employment Opportunity Compliance and Complaints Review] of alleged noncompliance with a settlement agreement in accordance with Section 1614.504, the complainant may file an appeal 35 days after service of the allegations of noncompliance, but no later than 30 days after receipt of the agency's determination.

(b) If the complainant is represented by an attorney of record, then the 30-day time period provided in paragraph (a) of this section within which to appeal shall be calculated from the receipt of the required document by the attorney. In all other instances, the time within which to appeal shall be calculated from the receipt of the required document by the complainant.

**Section 1614.403  How to appeal.**

(a) The complainant, agency, agent, grievant or individual class claimant (hereinafter appellant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P.O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile. The complainant should use EEOC Form 573, Notice of Appeal/Petition [copy enclosed], and should indicate what is being appealed.

(b) The appellant shall furnish a copy of the appeal to the opposing party [Deputy for Equal Employment Opportunity Compliance and Complaints Review and to the agency representative – addresses shown above] at the same time it is filed with the Commission. In or attached to the appeal to the Commission, the appellant must certify the date and method by which service was made on the opposing party [Deputy for Equal Employment Opportunity Compliance and Complaints Review].

(c) If an appellant does not file an appeal within the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely.

(d) Any statement or brief on behalf of a complainant in support of the appeal must be submitted to the Office of Federal Operations within 30 days of filing the notice of appeal. Any statement or brief on behalf of the agency in support of its appeal must be submitted to the Office of Federal Operations within 20 days of filing the notice of appeal. The Office of Federal Operations will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long.

- 5 -

(e) The agency must submit the complaint file to the Office of Federal Operations within 30 days of initial notification that the complainant has filed an appeal or within 30 days of submission of an appeal by the agency.

(f) Any statement or brief in opposition to an appeal must be submitted to the Commission and served on the opposing party within 30 days of receipt of the statement or brief supporting the appeal, or, if no statement or brief supporting the appeal is filed, within 60 days of receipt of the appeal. The Office of Federal Operations will accept statements or briefs in opposition to an appeal by facsimile provided they are no more than 10 pages long.

### Section 1614.407  Civil action: Title VII, Age Discrimination in Employment Act and Rehabilitation Act.

A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under Title VII, the ADEA [Age Discrimination in Employment Act] and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

(a) Within 90 calendar days of receipt of the final action on an individual or class complaint if no appeal has been filed;

(b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

(c) Within 90 days of receipt of the Commission's final decision on an appeal; or

(d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

### Section 1614.409  Effect of filing a civil action.

Filing a civil action under § 1614.408 or § 1614.409 shall terminate Commission processing of the appeal. If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing.

If a civil action is filed and complainant does not have or is unable to obtain the services of a lawyer, the complainant may request the court to appoint a lawyer. In such circumstances as the court may deem just, the court may appoint a lawyer to represent the complainant and may authorize the commencement of the action without the payment of fees, costs, or security. Any such request <u>must</u> be made within the

- 6 -

above referenced <u>90-day</u> time limit for filing suit and in such form and manner as the court may require.

You are further notified that if you file a civil action, you must name the appropriate Department or Agency head as the defendant and provide his or her official title. **DO NOT NAME JUST THE AGENCY OR DEPARTMENT.** Failure to name the head of the Department or Agency or to state her or her official title may result in the dismissal of the case. The appropriate agency is the Department of the Army. The head of the Department of the Army is the Honorable Pete Geren, Secretary of the Army.

### Docket Numbers

The docket numbers identified on page one of this letter should be used on all correspondence.

Sincerely,

*[signature]*

Insook Cho
Acting Deputy for Equal Employment Opportunity
Compliance and Complaints Review

Enclosures

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Veda Pryor

14769 London Lane

Bowie, Maryland 20715

301-352-7099, 240-286-6094

VS.                                                CIVIL ACTION NO. 1:07-CV-01392-RMC

The Honorable Pete Geren

Secretary of the US Army

101 Army Pentagon

Washington, DC 20310-0101

Robert M. Fano

Chief, Civilian Personnel Law Team

Department of the Army

Office of the Judge Advocate General

1777 North Kent Street

Rosslyn, Virginia 22209-2194

Eugene Johnson

Compensation Specialist

Department of the Army

Field OP Agencies of the OSA

HQDA-CPAC-LMER-Box 37

2511 Jefferson Davis Highway

Arlington, Virginia 22202

## **COMPLAINT**

On December 12, 2006, I Veda Pryor (Complainant) entered into a negotiated settlement agreement with the US Department of the Army. On or about February 9, 2007, I had benefits terminated by the Office of Federal Workers Compensations and had been denied a scheduled a scheduled award for a second time.

During the negotiation of the settlement agreement The Office of Federal Workers Compensation was contacted by Mr. Eugene Johnson, Compensation Specialist for the US Department of the Army. In the settlement agreement the provision states that it is not intended to impact any workers compensation claims.

On February 20 and February 26 I filed complaints with US Army Equal Employment Opportunity, Compliance and Complaints Review for the breach of the negotiated settlement agreement, violating regulations and law to "provide restoration to duty for the civil service employees under CFR §353.301." During this period as well as in the pass the Agency and its Representative Robert M. Fano, Civilian Personnel Law Team and Eugene Johnson, Compensation Specialist have recklessly conspired making false allegation in reference to my injury and my claim for compensation to The Office of Federal Workers Compensation, which has place me under emotional duress as well as direct economic hardship. This constitutes direct and personal deprivation in the hands of the Agency.

It is retaliation for an agency to make disparaging remarks about employees EEO activity in responding to an OWCP claim.

At This time I am respectfully requesting a trail by jury and that criminal penalties are imposed on the Agency and individuals.

The relief that I am seeking is compensatory damages in the sum of 280,000.00; 300,000.00 in punitive damages. To be reinstated back to a suitable position closer to my residents to have the opportunity to

continue my fulltime career status, and not receive any continued retaliation or harassment from the Judge Advocate General's Office or US Army Legal Services.

Respectfully submitted,

*Veda Pryor*

Veda Pryor

14769 London Lane

Bowie, Maryland  20715