IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VEDA PRYOR** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Action No. 07-1392 (RMC) |
| ) | |
| **THE HONORABLE PETE GEREN** ) | |
| **Acting Secretary of the Army, <u>et al</u>.** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION TO TRANSFER

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. 1391, the Defendants move to dismiss Plaintiff's <u>pro se</u> Complaint for want of a jurisdictional statement pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. In the alternative, Defendants move for dismissal or transfer to the United States Court of Federal Claims or the United States District Court for the Eastern District of Virginia. Defendants further move to dismiss Robert M. Fano and Eugene Johnson as parties to this suit. Defendants' memorandum of points and authorities support this motion.[1]

---

[1] Plaintiff, <u>pro se</u>, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. <u>See</u> <u>Fox v. Strickland</u>, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should further take notice that any factual assertions contained in the affidavits and other attachments in support of Defendants' motion may be accepted by the Court as true unless Plaintiff submits her own affidavits or other documentary
evidence contradicting the assertions in Defendants' attachments. <u>See</u> <u>Neal v. Kelly</u>, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h), and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall
set forth such facts as would be admissible in evidence, and shall show

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar #  434122
Assistant United States Attorney


_____/s_____
BRIAN C. BALDRATE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895 / FAX 202-616-5200

---

affirmatively that the affiant is competent to testify to the matters stated therein.
Sworn or certified copies of all papers or parts thereof referred to in an affidavit
shall be attached thereto or served therewith. The court may permit affidavits to
be supplemented or opposed by depositions, answers to interrogatories, or further
affidavits. When a motion for summary judgment is made and supported as
provided in this rule, an adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial. If the adverse party does not so
respond, summary judgment, if appropriate, shall be entered against the adverse
party.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VEDA PRYOR** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1392 (RMC)** |
| ) | |
| **THE HONORABLE PETE GEREN** ) | |
| **Acting Secretary of the Army, <u>et</u> <u>al</u>.** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION TO TRANSFER</u>

Defendants respectfully submit this memorandum of points and authorities in support of

Defendants' Motion to Dismiss and, in the alternative, motion to transfer.  Plaintiff does not

allege and has not established jurisdiction of her claims in the U.S. District Court for the District

of Columbia.  Plaintiff's claim for breach of contract belongs in the U.S. Court of Federal

Claims.  In addition, to the extent Plaintiff's Complaint raises a Title VII claim, venue would

properly lie in the Eastern District of Virginia.  Defendants further move to dismiss Robert M.

Fano and Eugene Johnson as parties to this suit because they are not proper parties to this action.

## I.  <u>INTRODUCTION</u>

Plaintiff, <u>pro se</u>, Veda Pryor, filed her initial action against Defendants on July 31, 2007.[2]

In her initial Complaint, Plaintiff appears to allege that the Army breached various provisions of

---

[2]  Plaintiff filed her original "Complaint" on July 31, 2007 and an "Amendment to
Original Complaint" on August 13, 2007.  Defendants have treated Plaintiff's "Amendment to
Original Complaint" as a supplemental pleading under Rule 15(d) of the Federal Rules of Civil
Procedure and, therefore, respond to both filings.

a settlement agreement resolving a prior workplace discrimination allegation plaintiff filed when she worked for the Department of the Army in Arlington, Virginia.

Plaintiff has neglected to set forth a short and plain statement of the grounds upon which this Court's jurisdiction depends, as required by Rule 8 of the Federal Rules of Civil Procedure. Additionally, to the extent the Complaint alleges a breach of a prior settlement agreement, Plaintiff is asserting a contract claim which, under the Tucker Act, is within the exclusive jurisdiction of the Court of Federal Claims. Because this Court lack's jurisdiction over Plaintiff's contract claim, the Complaint should be dismissed or transferred to the Court of Federal Claims. To the extent Plaintiff's Complaint asserts a Title VII claim, proper venue does not lie in this Court because none of the alleged discriminatory events occurred in the District of Columbia. Plaintiff worked in Arlington, Virginia, and her records were kept in Arlington, Virginia. Because venue for Plaintiff's claims does not lie in the District of Columbia these claims  should be dismissed or transferred to the the proper forum pursuant to 28 U.S.C. 1391(a).  Additionally, Plaintiff has  improperly named two federal government employees as Defendants in this lawsuit. These Defendants should be dismissed.

## II. STATEMENT OF FACTS

1.  Plaintiff worked at the United States Army Legal Services Agency in Arlington, Virginia, as a paralegal specialist.  (Defense Ex. 1, Blocks 7, 14, and 39.)

2.  On December 12, 2006, Plaintiff and Defendant-Army entered into a Negotiated Settlement Agreement that settled Plaintiff's two formal Equal Employment Opportunity ("EEO") complaints under Title VII against the Army. (Defense Ex 2.)

3.  The Army agreed to place Plaintiff in a paid non-duty status for 12 weeks and then to

place her in a Leave Without Pay ("LWOP") status for an additional 12 weeks. Plaintiff agreed

that she would resign at the end of this 24-week period. In addition, the Army agreed to promote

Plaintiff noncompetitively from her GS-09 position to a GS-11 position effective five days after

her paid non-duty status began. (Id., ¶4.) Plaintiff agreed to withdraw her EEO complaints. (Id.,

¶5(a).)

4. On June 14, 2007, Plaintiff submitted a letter to the office of Compliance and

Complaints Review ("CCR"), Equal Employment Opportunity, Department of the Army,

alleging that Defendants breached the December 12, 2006 negotiated settlement agreement.

(Defense Ex. 3.) Specifically, Plaintiff alleged that an Army employee, Eugene Johnson[3], made

incorrect statements to the Office of Worker's Compensation Programs (OWCP), Department of

Labor, regarding Plaintiff's benefits eligibility. ( Id.)

5. On July 5, 2007, Plaintiff sent a second letter to CCR alleging that Defendants

breached the December 12, 2006 negotiated settlement agreement by failing to process her

resignation in a timely manner, thereby adversely impacting her health insurance benefits.

(Defense Ex. 4.)

6. After inquiring into her breach of settlement agreement allegations, CCR responded to

Plaintiff on August 1, 2007 stating: 1) her workers' compensation issues did  not fall under the

purview of EEO but were regulated by the Department of Labor; 2) the Army remedied any

failure to timely process her resignation by extending her Leave Without Pay status by an

---

[3]  Mr. Johnson serves as an Injury Compensation Program Administrator for the Civilian
Personnel Advisory Center, Northeast Area, East Region, Assistant G-1 for Civilian Personnel,
Office for the Deputy Chief of Staff, G-1, Headquarters, Department of the Army, Arlington,
Virginia.

additional 80 hours beyond that agreed to in the negotiated settlement agreement; and 3) her other claims in the letter were not directly related to the terms of the negotiated settlement agreement. (Defense Ex. 5.)

7.  Plaintiff does not allege, nor are the Defendants aware of, any alleged unlawful management practices in Plaintiff's case that took place outside of Virginia.  See generally (Comp., Amend. Compl.).  Plaintiff does not allege, nor are Defendants aware of, any relevant personnel records that are maintained in Washington, D.C.

8.  On July 31, 2007, Plaintiff filed her pro se Complaint in the U.S. District Court for the District of Columbia and on August 13, 2007, Plaintiff filed a supplement to her Complaint. Neither filing contains a statement of the grounds upon which the Court's jurisdiction depends, as required by Rule 8(a) of the Federal Rules of Civil Procedure.

9.  Plaintiff appears to allege that Defendants breached the negotiated settlement agreement in the following ways:

a.  Her  promotion was not processed in a timely manner, and the agency extended her LWOP status, and not her paid non-duty status, to accommodate the delayed processing;

b.  Her resignation was not processed in a timely manner, thereby causing her health benefits and life insurance to terminate prematurely; and

c.  Eugene Johnson, the Army's Injury Compensation Program Administrator, informed the Office of Worker's Compensation Programs ("OWCP"), Department of Labor, that Plaintiff was not entitled to worker's compensation benefits.  Ms. Pryor further alleges that Mr. Johnson informed the "Virginia State Department of Unemployment" (correctly named the Virginia Employment Commission) that she was not entitled to unemployment benefits.  (Amend.

4

Compl.)

10. Plaintiff also references "reprisal" and "retaliation" in her filings as a motive for allegedly breaching the negotiated settlement agreement. (Amend. Compl.)

11. Plaintiff's requested remedy is reinstatement of her administrative EEO complaints, $280,000.00 in compensatory damages, $300,000 in punitive damages, and other non-monetary relief. (Compl.)

### III. ARGUMENT

### A. Motion to Dismiss for Lack of Jurisdiction

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003). See also Wagener v. SBC Pension Benefit Plan, 407 F.3d 395, 397 (D.C. Cir 2005) (noting that a court can refer to "exhibits attached to, and the documents incorporated by reference in, the complaint."); Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."); Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), aff'd, 38 Fed. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing Greenberg v. The Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999)).

"At the motion to dismiss stage, counseled complaints, as well as <u>pro se</u> complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." <u>Settles v. U.S. Parole Comm'n</u>, 429 F.3d 1098, 1106 (D.C. Cir. 2005). Despite the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. <u>American Farm Bureau v. United States EPA</u>, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).  At a minimum, Plaintiff must provide enough information in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (U.S. 2007) (citations omitted).

### B.    This Case Should Be Dismissed For Want of a Jurisdictional Statement in Plaintiff's Complaint

Federal courts are courts of limited jurisdiction.  They possess only that power authorized by the Constitution and statutes.  It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (U.S. 1994).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement" of the grounds for jurisdiction and of the claims alleged.  <u>See</u> Fed. R. Civ. P. 8(a). As the party asserting the Court's jurisdiction over this suit, Plaintiff has the burden of establishing jurisdiction.  Plaintiff has not established jurisdiction because she has not set forth a short and plain statement of the grounds upon which the court's jurisdiction depends.  Neither of Plaintiff's filings contain a statement establishing this Court's jurisdiction.  Accordingly, Plaintiff's Complaint is defective and should be dismissed on the grounds that it did not meet the

requirements of Fed. R. Civ. P. Rule 8(a).  It is well within the District Court's discretion to dismiss a complaint without prejudice on the grounds that it did not meet the requirements of Federal Rule of Civil Procedure 8(a). See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 n.3, (2007) ("Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'") (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1202, at 94, 95 (3d ed. 2004)). See also  Ciralsky v. CIA, 355 F.3d 661, 669 (D.C. Cir. 2004); Badruddoza v. United States, 224 Fed. Appx. 5, *1 (D.C. Cir. 2007); Powers v. Wickline, 2007 U.S. App. LEXIS 25148 (D.C. Cir. 2007).

### C.    Plaintiff's Alleged Breach of the Settlement Agreement is a Contract Claim Under the Exclusive Jurisdiction of the Court of Federal Claims.

Plaintiff is alleging a breach of her Title VII settlement agreement. This Circuit has clearly distinguished between contract claims and their statutory context.  Thus, even though Title VII might have been the basis of the settlement agreement, this Circuit has held that a breach claim is a straightforward contract dispute.  Hansson v. Norton, 411 F.3d 231, 232 (D.C. Cir. 2005) ("This court generally treats settlement agreements as contracts subject to the exclusive jurisdiction of the Court of Federal Claims...."); Brown v. United States, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (holding that a breach of settlement claim should have been brought in the Court of Federal Claims pursuant to the Tucker Act).

The Tucker Act provides that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . .  upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (2000).  When a

contract claim is for damages in excess of $10,000, as it is in this case, the jurisdiction of the

Court of Federal Claims is exclusive. Id. § 1346(a)(2) (2000).  To the extent that Plaintiff claims

that the Army breached the Negotiated Settlement Agreement resolving her prior Title VII

allegation, her suit must be brought in the Court of Federal Claims.

　　　Plaintiff seeks compensatory damages in the amount of $280,000.00 and punitive

damages in the amount of $300,000.00 in addition to non-monetary relief.  (Compl.)  As the D.C.

Circuit has  "made clear . . . 'a claim for breach of a Title VII settlement agreement is a contract

claim within the meaning of the Tucker Act' and, therefore, for claims exceeding $10,000,

jurisdiction belongs with the Court of Federal Claims." Rochon v. Gonzalez, 438 F.3d 1211,

1214 (citations omitted).  Because this is a contract dispute action under the Tucker Act with

Plaintiff requesting more than $10,000 in damages, this Court lacks jurisdiction over this case.

Instead, the proper jurisdiction for this case is the U.S. Court of Federal Claims.[4]

---

[4] The D.C. Circuit has stated that "a claim for equitable relief under Title VII and a
related claim for breach of contract does not give the district court jurisdiction over the contract
claim, that if brought separately would be exclusively in the Court of Federal Claims." Rochon,
438 F.3d at 1214.  However, the D.C. Circuit suggested in Rochon that a District Court may have
ancillary jurisdiction over a contract claim seeking equitable relief if the Court of Federal Claims
lacked jurisdiction.  Id. at 1215 (Because Title VII jurisdiction is proper, remand to see if District
Court may possibly assert ancillary jurisdiction over the contract claim).  But see Greenhill v.
Spellings, 482 F.3d 569, 573 (D.C. Cir. 2007)(questioning whether a district court might exercise
supplemental jurisdiction over contract claims that otherwise fall within the exclusive
jurisdiction of the Court of Federal Claims.)  Even if Plaintiff raised a Title VII claim, this Court
is not the proper venue. See Section III.D infra,  Thus, under Rochon, any decision to assert
ancillary jurisdiction of the contract claim would belong to the District Court where the Title VII
claim is properly raised. See Munoz v. England, 2006 U.S. Dist. Lexis 84119, *14 (D.D.C 2006)
(Transferring plaintiff's entire action to the proper Title VII venue so that District Court could
determine whether to assert ancillary jurisdiction over the contract claim).

**D.     To the Extent Plaintiff Alleges a Title VII Claim, Venue is Improper in the District of Columbia**

As set forth above, this Court lacks jurisdiction over Plaintiff's claim because it alleges that Defendants breached the negotiated settlement agreement governed by the Tucker Act. Because Plaintiff fails to assert a jurisdictional basis it is not clear what else Plaintiff's Complaint may allege.  It is possible  to construe Plaintiff's Complaint as a separate Title VII retaliation claim, notwithstanding the fact that this Circuit recently rejected an attempt to characterize a challenge to a Title VII settlement agreement as a Title VII reprisal action.  See Greenhill v. Spellings, 482 F.3d 569, 573 (D.C. Cir. 2007) (rejecting suggestion that pro se plaintiff brought a Title VII retaliation claim in challenging a settlement agreement).  Nonetheless, even if the Court has subject matter jurisdiction by construing the Complaint as a Title VII retaliation action, venue would be improper in the District of Columbia.

Venue in actions under 42 U.S.C. § 2000e-16 is governed by 42 U.S.C. § 2000e-5(f), which limits venue to the location of the acts, records, or positions on which the complaint is based, if the defendants can be found there.  42 U.S.C. § 2000e-5(f)(3) provides:

> [A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Under this provision, a Title VII plaintiff must bring an employment discrimination complaint in one of the judicial districts identified under the first three options if the respondent can be

9

"found" in that district. Only if the respondent cannot be found in any such district may the plaintiff file suit within the district in which the respondent has its principal office. See Shipkovitz v. Mosbacher, 1991 WL 251864 (D.D.C. 1991), aff'd, 1992 WL 394489 (D.C. Cir. 1992) (a plaintiff may file in district where defendants make its headquarters if he cannot file where actions occurred, where records are kept, or where he would have worked). As the Court has explained, Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination, and the venue determination must be based on a "commonsense appraisal" of how the events in question arose. Spencer v. Rumsfeld, 209 F.Supp.2d. 15, 17-19 (D.D.C. 2002); see also Stebbins v. State Farm Mutual Auto., Ins. Co., 413 F. 2d 1100, 1102 (D.C. Cir. 1969), cert. denied, 396 U.S. 895 (1969); Hayes v. RCA Service Co., 546 F. Supp. 661, 663 (D.D.C. 1982).

On a motion to dismiss for improper venue under Rule 12(b)(3), the court accepts as true the plaintiff's well-pled allegations and draws all reasonable inferences from those allegations in the plaintiff's favor, although the court need not accept plaintiff's alleged legal conclusions as true. Darby v. Department of Energy, 231 F. Supp.2d 274, 276 (D.D.C. 2002). In making venue determinations, the courts look to the applicable statutes to determine where venue should lie.

Even if this Court construed Plaintiff's Complaint as a Title VII action, Plaintiff's claim must be dismissed, or in the alternative, transferred because venue is improper in this Court. Plaintiff states in her Complaint that the alleged breach was in reprisal for her EEO activity. (Compl.) If Plaintiff is, in fact, bringing a Title VII claim based on reprisal, this suit should be transferred to the District Court for the Eastern District of Virginia because: 1) the alleged reprisal would have been committed in Virginia because all of the actors work in Arlington,

10

Virginia; 2) Plaintiff does not allege that any employment records were maintained in the District of Columbia and the Defendants maintain that none of her employment records were maintained in the District of Columbia; and 3) to the extent that this prong is relevant because Plaintiff was not a job applicant, Plaintiff worked in Arlington, Virginia, not the District of Columbia.  Finally, if the first three prongs do not establish venue in a district, § 2000e-5(f)(3) looks to the place where the Defendants maintain their principal office.  The principal office of the Secretary of the Army is in the Pentagon, which is located in Arlington, Virginia, not in the District of Columbia, (notwithstanding a Washington, D.C. mailing address).  See Saran v. Harvey, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005); Brewer v. Eng., 2003 U.S. Dist. LEXIS 17276 (D.D.C. 2003) (citing Monk v. Secretary of the Navy, 793 F.2d 364, 369, n.1 (D.C. Cir. 1986)); Donnell v. National Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983).  Accordingly, if Plaintiff is attempting to bring a reprisal claim under Title VII, then her Complaint should be transferred to the District Court for the Eastern District of Virginia.

### E.    Defendants Robert M. Fano and Eugene Johnson Should Be Dismissed

Although Plaintiff has not stated the basis for this Court's jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure, any plausible construction of her Complaint does not allow for a cause of action against either individually named Defendant.  To the extent Plaintiff's Complaint is deemed a contract claim under the Tucker Act, Defendants Fano and Johnson are improper parties because contract claims can only be brought against the United States, not individual parties. Van Drasek v. Lehman, 762 F.2d 1065, 1069 (D.C. Cir. 1985) (Even if the United States is not a named defendant, if 'the judgment sought would expend itself on the public treasury' the suit will be construed as one against the United States); Cottrell v.

11

United States, 42 Fed. Cl. 144, 149 (Ct. Cl. 1998).

      To the extent that Plaintiff's action is cognizable under Title VII, Defendants Fano and Johnson are still improper parties and should be dismissed from the case.  Section 717(c) of Title VII allows a civil action by an aggrieved federal employee "in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Title VII thus defines the extent of the government's waiver of sovereign immunity: a federal employee may sue the government over alleged workplace discrimination, but she may only name the head of the agency, department, or unit for which she works as the defendant.  See Nichols v. Agency For Int'l Dev., 18 F. Supp. 2d 1, 3 (D.D.C. 1998) (citing Hackley v. Roudebush, 520 F.2d 108, 115 n. 17 (D.C. Cir. 1975). Accordingly, Defendants Robert M. Fano and Eugene Johnson are improperly named as Defendants and should be dismissed.

## IV. CONCLUSION

      Plaintiff's pro se complaint should be dismissed for want of a jurisdictional statement.  In the alternative, Plaintiff's suit should be transferred to the U.S. Court of Federal Claims or to the District Court for the Eastern District of Virginia. Either way, Defendants Robert M. Fano and Eugene Johnson should be dismissed as Defendants in this suit.

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney



_____/s_____
RUDOLPH CONTRERAS D.C. Bar #  434122
Assistant United States Attorney



_____/s_____
BRIAN C. BALDRATE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895 / FAX 202-514-8780


13

Exhibit 1

U.S. Office of Personnel Management
FPM Supp. 296–33, Subch. 3

# REQUEST FOR PERSONNEL ACTION

## PART A – Requesting Office (Also complete Part B, Items 1, 7–22, 32, 33, 36, and 39.)

| | |
|---|---|
| **1. Actions Requested**<br>Separation | **2. Request Number**<br>07MAY4HTALSA00032100 |
| **3. For Additional Information Call (Name and Telephone Number)**<br>David W. Glover    7035886498 | **4. Proposed Effective Date**<br>05–07–2007 |

| | |
|---|---|
| **5. Action Requested By (Name, Title, Signature, and Request Date)**<br>Doris G. Hernandez<br>SUPV MANAGEMENT SERVICES SPEC | **6. Action Authorized By (Name, Title, Signature, and Concurrence Date)**<br>Doris G. Hernandez<br>SUPV MANAGEMENT SERVICES SPEC |

## PART B – For Preparation of SF 50 (Use only codes in FPM Supplement 292–1. Show all dates in month–day–year order.)

| 1. Name (Last, First, Middle)<br>PRYOR, VEDA L | 2. Social Security Number<br>215–66–1872 | 3. Date of Birth<br>06–06–1958 | 4. Effective Date<br>05–07–2007 |
|---|---|---|---|

### FIRST ACTION / SECOND ACTION

| 5–A. Code<br>317 | 5–B. Nature of Action<br>Resignation | 6–A. Code | 6–B. Nature of Action |
|---|---|---|---|
| 5–C. Code<br>RPM | 5–D. Legal Authority<br>Reg 715.202 | 6–C. Code | 6–D. Legal Authority |
| 5–E. Code | 5–F. Legal Authority | 6–E. Code | 6–F. Legal Authority |

| 7. FROM: Position Title and Number<br>PARALEGAL SPEC<br>191343 – 1171799 | 15. TO: Position Title and Number |
|---|---|

| 8. Pay Plan<br>YA | 9. Occ. Code<br>0950 | 10. Grade/Level<br>02 | 11. Step/Rate<br>00 | 12. Total Salary<br>$56,065.00 | 13. Pay Basis<br>PA |
|---|---|---|---|---|---|

| 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|

| 12A. Basic Pay<br>$47,276.00 | 12B. Locality Adj.<br>$8,789.00 | 12C. Adj. Basic Pay<br>$56,065.00 | 12D. Other Pay<br>$0 |
|---|---|---|---|

| 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|

| 14. Name and Location of Position's Organization<br>HQDA, OFC, THE JUDGE ADVOCATE GENERAL<br>US ARMY LEGAL SERVICES AGENCY<br>CONTRACT APPEALS DIVISION<br>TRIAL TEAM III<br>WASHINGTON, D.C. | 22. Name and Location of Position's Organization |
|---|---|

## EMPLOYEE DATA

| 23. Veterans Preference<br>1<br>1 – None    3 – 10–Point/Disability    5 – 10–Point/Other<br>2 – 5–Point    4 – 10–Point/Compensable    6 – 10–Point/Compensable/30% | 24. Tenure<br>1<br>0 – None    2 – Conditional<br>1 – Permanent    3 – Indefinite | 25. Agency Use | 26. Veterans Preference for RIF<br>YES   X  NO |
|---|---|---|---|

| 27. FEGLI<br>D0    Basic + Option A | 28. Annuitant Indicator<br>9    Not Applicable | 29. Pay Rate Determinant<br>0 |
|---|---|---|

| 30. Retirement Plan<br>C    FICA and CSRS (Partial) | 31. Service Comp. Date (Leave)<br>12–27–1984 | 32. Work Schedule<br>F    Full–Time | 33. Part–Time Hours Per Biweekly Pay Period |
|---|---|---|---|

## POSITION DATA

| 34. Position Occupied<br>1<br>1 – Competitive Service    3 – SES General<br>2 – Excepted Service    4 – SES Career Reserved | 35. FLSA Category<br>E<br>E – Exempt<br>N – Nonexempt | 36. Appropriation Code<br>43521200BNC | 37. Bargaining Unit Status<br>7777 |
|---|---|---|---|

| 38. Duty Station Code<br>510100013 | 39. Duty Station (City – County – State or Overseas Location)<br>ARLINGTON / ARLINGTON / VIRGINIA |
|---|---|

| 40. Agency Data<br>dmc | 41.<br>PON# OA | 42. | 43. | 44.<br>TDA DATA SE/W0KEAA/009C/007 |
|---|---|---|---|---|

| 45. Educational Level<br>04 | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class<br>00 | 49. Citizenship<br>1<br>1–USA  8–Other | 50. Veterans Statu<br>X | 51. Supervisory Status<br>8 |
|---|---|---|---|---|---|---|

## PART C – Reviews and Approvals (Not to be used by requesting office.)

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | Shoaf, Linda S | 06–18–2007 | D. | | |
| B. | Cottman, Donna M | 06–21–2007 | E. | | |
| C. | | | F. | | |

| 2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements. | Signature<br>Donna M. Cottman<br>DESIGNATED APPROVING OFFICIAL | Approval Date<br>06–21–2007 |
|---|---|---|

CONTINUED ON REVERSE SID
52–119

OVER

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540–01–333–62

Exhibit 2

# NEGOTIATED SETTLEMENT AGREEMENT

IN THE MATTER OF:

---

VEDA PRYOR          )
Complainant,       )
                   )
                   )
and                )     Agency No. ARHQOSA05NOV12283
                   )     Agency No.  ARHQOSA04FEB0142
FRANCIS J. HARVEY    )
Secretary of the Army,   )
Agency.            )
                   )

---

1. In the interests of promoting the principles of the Equal Employment Opportunity Program, the Parties, Veda Pryor (Complainant) and the Department of the Army (Agency) agree to settle the formal EEO complaints identified above on the terms detailed below.

2. By entering into this Negotiated Settlement Agreement (the "Agreement,") the Agency does not admit that it, or any Agency official or employee, violated Title VII of the Civil Rights Act of 1964 or any other Federal or state law or regulation.

3. The Complainant and the Agency agree that the following is a complete statement of the terms of this Agreement, reached freely and in good faith, and in complete resolution of all matters raised in the above-captioned complaint. This Agreement constitutes the complete understanding between the parties. No other promises or agreements will be binding unless reduced to writing and signed by both parties.

4. The Agency agrees to take the following actions:

   a. To place the Complainant in a paid non-duty status (administrative leave) for 480 hours beginning on January 2, 2007 and continuing unabated until exhausted.

   b. To place the Complainant in a Leave Without Pay (LWOP) status for 480 hours beginning on the first duty day after the exhaustion of the administrative leave discussed in paragraph 4a and continuing unabated until exhausted.

   c. To accept the Complainant's resignation effective on the first duty day after the

2

expiration of the LWOP granted under paragraph 4b and initiate appropriate personnel action to process this resignation. Pursuant to the Complainant's request at paragraph 5c below, the Agency will record that the Complainant resigned "to pursue more rewarding career opportunities" in the remarks section of the Standard Form 50 documenting the action.

d. To amend the Complainant's Senior System Civilian Evaluation Report (DA Form 7222) for the rating period ending 31 October 2006 to reflect an overall performance rating of Level 3 ("Success") within 30 calendar days of executing this Agreement.

e. To cancel and remove from the Complainant's Official Personnel File (OPF) the Formal Reprimand dated 10 May 2006. The Formal Reprimand will be removed from the Complainant's OPF within 30 calendar days of the execution of this Agreement.

f. If the Complainant notifies the Agency that she has a formal offer of employment with another Federal Agency before the expiration of the administrative leave and LWOP discussed in paragraph 4b and 4c, the Agency agrees to coordinate with the gaining organization to release the Complainant from her appointment effective on a date convenient to the gaining organization. Under no circumstances will this coordination extend the LWOP provided in paragraph 4c.

g. To promote the Complainant non-competitively from her GS-950-09 position to a GS-950-11 position effective January 7, 2007.

h. To establish for up to 12 months from the effective date of this Agreement, a point of contact within the Civilian Personnel Advisory Center to verify Complainant's employment history with the Agency. The point of contact is Ms. Louella Alcaraz, Human Resource Specialist, Labor Management and Employee Relations, Headquarters, Department of the Army. Ms. Alcaraz (or her successor in this position) can be reached at (703) 602-5758. This designated point of contact will provide only such information as is required under 5 C.F.R. §293.311 (name, duration of service, present and past position title, series, grades held, salary rates, duty location, position description, etc.). If a potential employer contacts LTC Frank March or Mr. Craig Clarke about the Complainant's employment history with the Agency, they will refer the employer to speak with Ms. Alcaraz. If a potential employer contacts any other agency employee, this Agreement imposes no restriction on such employee(s) providing truthful information concerning the Complainant's employment.

5. By signing this Agreement and in exchange for the consideration described in paragraph 4, the Complainant agrees to the following:

a. Withdraw, with prejudice, the above-captioned formal EEO complaint and the Formal EEO complaint identified by Agency Number ARHQOSA04FEB0142 and EEOC No. 100-2005-00841X. The Complainant further agrees to withdraw any other formal or informal complaint(s)

Ms. Pryor's initials _VP_                    COL Rob's initials _OR_

12/12/06  TUE 17:26 FAX 703 696 1535    ARMY CONTRACT APPEALS    ☒003

3

or grievance in any forum in existence on the date this Agreement is executed. This executed Agreement constitutes conclusive evidence of withdrawal of any such complaint.

b. The Complainant will refrain from instituting or pursuing administrative or judicial action in any forum concerning the issues, claims, or facts contained in these complaints, and that they will not be made the subject of future litigation. This provision precludes initiation of any administrative or judicial action against the Agency or its current or former employees or officers either in their official or personal capacity, regarding the matters in these complaints, including but not limited to, filing appeals, grievances, or petitions for review to the Merit Systems Protection Board, Equal Employment Opportunity Commission (EEOC), Office of Personnel Management, Office of Special Counsel, Federal Labor Relations Authority, and lawsuits in federal or state court. This provision is not intended to impact any worker's compensation claims currently pending before the Department of Labor. Further, this provision also does not preclude either Party from taking action before the EEOC to enforce the terms of this Agreement.

c. The Complainant irrevocably resigns from her position at the United States Army Legal Services Agency with an effective date on the first duty day following the expiration of the LWOP authorized under paragraph 4b of this Agreement. This fully executed and signed Agreement serves as the Complainant's official notice to the Agency of her resignation effective the first duty day following the expiration of the LWOP authorized under this Agreement. The Complainant certifies through her signature on this Agreement that she is resigning voluntarily and without coercion from any Agency employee. The Complainant requests that the SF-50 effecting her resignation state that her resignation was tendered to "pursue more rewarding career opportunities."

d. To refrain from applying for or accepting any civilian position within the Department of the Army at any time after this Agreement is executed. This constitutes a permanent ban from employment with the Department of the Army.

6. If the Complainant believes that the Agency has failed to comply with the terms of this Settlement Agreement, the Complainant shall notify the Deputy for Equal Employment Opportunity Compliance and Complaints Review (EEOCCR), 1901 South Bell Street, Suite 109B, Arlington, Virginia 22202-4508, in writing, of the alleged noncompliance within 30 calendar days of when the Complainant knew or should have known of the alleged noncompliance. The Complainant may request that the terms of the Settlement Agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased. If the Deputy, EEOCCR, has not responded to the Complainant in writing, or if the Complainant is not satisfied with the Agency's attempt to resolve the matter, the Complainant may appeal to the Equal Employment Opportunity Commission (EEOC) for a determination as to whether the Agency has complied with the terms of the Settlement Agreement. The Complainant may file such an appeal to the EEOC 35

Ms. Pryor's initials _____    COL Rob's initials _____

12/12/06  TUE 17:27 FAX 703 696 1535          ARMY CONTRACT APPEALS                    ⌀004

4

calendar days after service of the allegation of noncompliance upon EEOCCR, but not later than
30 calendar days after receipt of the Agency's determination. The Complainant must also serve a
copy of the appeal on the Deputy for EEOCCR, at the address listed above.

7. The Parties agree that in the event it is determined that a provision(s) of this Settlement
Agreement is contrary to law or regulation or is otherwise unenforceable, only that provision(s)
shall be considered null and void and all other provisions shall remain in full force and effect.

8. The Parties acknowledge that this document represents the complete terms of the Settlement
Agreement between them. No other promises or agreements will be binding unless reduced to
writing and signed by both parties.

9. For purposes of this Agreement, this document shall be deemed "executed" when signed by
the last party to the Agreement.

10. If the expected conversion of the organization to the National Security Personnel System in
March 2007 results in any administrative processing requirements for the Complainant, the
Complainant agrees to cooperate with the Agency in fulfilling such requirements related to her
employment.

11. The Parties acknowledge that they have carefully read this Agreement, know the contents
contained herein, and have signed this Agreement as their own voluntary acts.


FOR THE COMPLAINANT:                    FOR THE AGENCY:

_____                 _____
VEDA PRYOR                              COL SAMUEL J. ROB
Complainant                             Chief Trial Attorney
                                        United States Army Legal Services Agency


Date: 10/12/06                          Date: 12 Dec 2006



Ms. Pryor's initials VP                         COL Rob's initials SR

Exhibit 3

Veda Pryor

14769 London Lane

Bowie, Maryland 20715

Phone 301-352-7099

June 14, 2007

ATTN: SAMR-EO-CCR

Deputy for the Equal Employment Opportunity

Compliance and Complaints Review

191 South Bell Street, Suite 109-B

RE: Agency No. ARHQOSA05NOV12283 and

ARHQOSA04 FEB0142

I am submitting this letter in reference to a breach of the settlement agreement dated December 12, 2006. On or about May 30, 2007 forms CA7 and 7a claim for Compensation were submitted to Mr. Eugene Johnson.

As of 6/13/07 was the first time I could get any information on these claims, finally today June 14, 2007, OWCP customer service informed me that on May 31, 2007 Eugene Johnson, phone # 703-602-5757 notified Denis Eley, that I should not be entitled to any compensation benefits for the period of 4/16-5/18/07. Mr. Eley was not able to be reach which is always the case. I also called Mr. Johnson and there was no response. I had just contacted Mr. Johnson on 6/13/07 in reference to statements made to Virginia State, regarding workers compensation issues that were not true or incorrect.

The breach is in reference to page 3 section (d) of the agreement. Mr. Johnson has continuously made remarks to OWCP about my entitlements to compensation. When I requested the folder from OWCP, the comments were attached. This is in reference to both claims of compensation.

During the conversation with Mr. Johnson on 6/13/07, Mr. Johnson stated that basically this entire matter was being controlled by the Agency's representative Mr. Robert Fano, and that's who I needed to contact.

This breach is recklessness to cause economic harm.  I am requesting that this matter is reinstated for further processing from the point of which it ceased or corrected, and that I am fully compensated.  If this office does not response in writing in 30 days or I am not satisfied with your response I will make an appeal to the Equal Employment Opportunity Commission for a determination as to whether the Agency has complied with the Settlement Agreement.

Thank you for your time in consideration in the matter.

Copy is also being sent by US Mail.

*Veda Pryor, MA*

Veda Pryor, MA

Exhibit 4

Veda Pryor

14769 London Lane

Bowie, MD 20715

Phone 301-352-7099 & 240-286-6094

July 5, 2007

*Rec 7/6/07 TA*

I am submitting this letter in reference to the improper way my resignation was held on the managers desk, during these 7week I tried through numerous occasion to get this information from Mr. David Glover, he keep stating he was waiting for someone to call, and it was sitting in his supervisor box Ms. Doris Hernandez.

On or about the 27th of June I received papers that were supposed to be my resignation documents; that's 7 weeks later. I talk to Mr. Glover the entire 7 weeks because I at least want my insurance rights, because I have COPD (asthma). I go to pick up a prescription and my coverage is terminated. This is reckless especially when there is a health problem involved; this paper work was not signed until the 21 of June. Everything was just stuffed in the envelope; so when I tried to contact them they don't want to answer. They gave false information to Workers Compensation as well as the Virginia State of unemployment. To my knowledge I should have been given that insurance information immediately, this is negligence. I am attaching the documents for you to review. I have been economically harmed, and I expect full compensation. If you don't know what to do then you asked, that's how you learned to do a job. If I am not satisfied with your decision, I will forward all of this to EEOC to reopen this entire case. They Agency has breach the entire contract and someone needs to be honest here. These are all acts of retaliation, anything to cause my harm or emotional duress. This is not how you process and individual out of the system. This is my health and I will contact every necessary official today, if that what needs to be done. PLEASE consider this a second amendment to 6/14/07.

RESPECTFULLY submitted,

*Ms Veda Pryor, MA*

Ms. Veda Pryor, MA

Exhibit 5



**DEPARTMENT OF THE ARMY**
EQUAL EMPLOYMENT OPPORTUNITY
COMPLIANCE AND COMPLAINTS REVIEW
1901 SOUTH BELL STREET, SUITE 109B
ARLINGTON, VA 22202-4508

REPLY TO
ATTENTION OF

F 1 AUG 2007

Equal Employment Opportunity
  Compliance and Complaints Review

Ms. Veda L. Pryor
14769 London Lane
Bowie, Maryland 20715

                    Complaint of Veda L. Pryor v.
                      Pete Geren, Secretary of the Army
                    DA Docket Number:  ARHQOSA05NOV12283 &
                                        ARHQOSA04FEB0142

Dear Ms. Pryor:

        This is in response to your letter of June 14, 2007, received in this office on June 14, 2007 and your letter of July 5, 2007(Enclosure [Encl.] 1a & 1b).[1] You claim that management has not complied with the negotiated settlement agreement (NSA) executed on December 12, 2006 (Encl. 2).  You asked for a reinstatement of the agreement.

        Subsequent to the receipt of your letter, the EEO office was contacted and requested to provide information and documentation concerning your allegation of noncompliance on June 5 and again on July 14, 2007.  Thereafter, the EEO Office provided the enclosed documentation (Encl. 3a & 3b).

        Management has provided their response to your allegation of non-compliance along with documentation to support their response.

---

[1] For the record, it is noted that on February 5, 2007, you submitted to this office a letter of non-compliance for elements 4d-4g of the NSA (Encl.1c).  On March 8, 2007, a decision was issued by this office finding that the activity mentioned above was in substantial compliance with 4d-4g of the NSA (see enclosure 1d).  On February 20 & 26, 2007, you amended your letter of February 5, 2007 to include assertions regarding workers' compensation (1e & 1f).  On April 3, 2007, a decision of compliance was issued by this office and you were instructed at that time, that workers' compensation issues do not fall under the purview of EEO (see enclosure 1g).

- 2 -

In your letter, you claim that the Army has failed to comply with the terms of your settlement agreement, yet you submit no documentation to support your allegation of non-compliance with the settlement agreement. In an allegation of non-compliance the complainant has the burden of providing evidence and/or documentation to support their allegations.

Please note from my letter of April 3, 2007, I stated at that time that your letter contained allegations regarding worker's compensation. Workers' compensation issues do not fall under the purview of EEO, and are dealt with by the Department of Labor guidelines. However, if you still feel that the Army is in non-compliance, you have a right to appeal to the Equal Employment Opportunity Commission.

Your letter of July 5, 2007, however, does state a legitimate claim of noncompliance since you are saying that the Army did not process your resignation in accordance with the timeframes in the NSA, section 4c. However, the agency submitted evidence that it extended your LWOP status by an additional 80 hours beyond that agreed to in the NSA, thereby remedying any failure on the Army's part to process the resignation within the timeframe stated in the NSA. Furthermore, from January 7, 2007, to June 22, 2007 (one day after the June 21, 2007 date on which your resignation SF-50 was signed), 120 work days (960 hours) were submitted to you.

Your letter contains claims not directly related to the terms of the NSA. Post-settlement claims of discrimination may be brought to the attention of the servicing EEO officer within 45 calendar days of when the complainant knew or should have known of the alleged incident(s). The EEO office may be contacted at the address provided in the certificate of service of this letter for further processing of your new complaint.

Pursuant to my authority to decide this matter on behalf of the Secretary of the Army, I find that the activity has complied with the terms of the NSA.

If you are not satisfied with this decision, your appeal rights follow:

### APPEAL RIGHTS FOR NONMIXED COMPLAINTS

An appeal may be filed with the Equal Employment Opportunity Commission within 30 calendar days of the date of receipt of this decision. The 30-day period for filing an appeal begins on the date of receipt of this decision. An appeal shall be deemed timely if it is delivered in person, transmitted by facsimile or postmarked before the expiration of the filing period or, in the absence of a legible postmark, the appeal is received by the Commission by mail within 5 days after the expiration of the filing period. The complainant will serve a copy of the Notice of Appeal/Petition, EEOC Form 573, to the agency [Deputy for Equal Employment Opportunity Compliance and

- 3 -

Complaints Review, Department of the Army, ATTN:  SAMR-EO-CCR, 1901 South Bell Street, Suite 109B, Arlington, Virginia  22202-4508] [and furnish a copy to the agency representative at the address on the enclosed Certificate of Service (Encl. 4] at the same time it is filed with the Commission.  In or attached to the appeal to the Commission, the complainant must certify the date and method by which service was made to the agency [Deputy for Equal Employment Opportunity Compliance and Complaints Review].

The complainant may file a brief or statement in support of his/her appeal with the Office of Federal Operations.  The brief or statement **must** be filed within 30 calendar days from the date the appeal is filed.  The complainant will serve a copy of the brief or statement in support of his/her appeal to the agency [Deputy for Equal Employment Opportunity Compliance and Complaints Review and to the agency representative at the addresses shown above] at the same time the brief or statement is filed with the Commission.  The regulation providing for appeal rights is contained in Title 29 of the Code of Federal Regulations, a section of which is reproduced below:

*Section 1614.401  Appeals to the Commission.*

*(a)  A complainant may appeal an agency's final action or dismissal of a complaint.*

*(b)  An agency may appeal as provided in Section 1614.110(a).*

*(c)  A class agent or an agency may appeal an administrative judge's decision accepting or dismissing all or part of a class complaint; a class agent may appeal a final decision on a class complaint; a class member may appeal a final decision on a claim for individual relief under a class complaint; and a class member, a class agent or an agency may appeal a final decision on a petition pursuant to Section 1614.204(g)(4).*

*(d)  A grievant may appeal the final decision of the agency, the arbitrator or the Federal Labor Relations Authority (FLRA) on the grievance when an issue of employment discrimination was raised in a negotiated grievance procedure that permits such issues to be raised.  A grievant may not appeal under this part, however, when the matter initially raised in the negotiated grievance procedure is still ongoing in that process, is in arbitration, is before the FLRA, is appealable to the MSPB [Merit Systems Protection Board] or if 5 U.S.C. 7121(d) is inapplicable to the involved agency.*

*(e)  A complainant, agent or individual class claimant may appeal to the Commission an agency's alleged noncompliance with a settlement agreement or final decision in accordance with Section 1614.504.*

- 4 -

### Section 1614.402  Time for appeals to the Commission.

(a)  Appeals described in Section 1614.401(a) and (c) must be filed within 30 days of receipt of the dismissal, final action or decision.  Appeals described in Section 1614.401(b) must be filed within 40 days of receipt of the hearing file and decision. Where a complainant has notified the EEO Director [Deputy for Equal Employment Opportunity Compliance and Complaints Review] of alleged noncompliance with a settlement agreement in accordance with Section 1614.504, the complainant may file an appeal 35 days after service of the allegations of noncompliance, but no later than 30 days after receipt of the agency's determination.

(b)  If the complainant is represented by an attorney of record, then the 30-day time period provided in paragraph (a) of this section within which to appeal shall be calculated from the receipt of the required document by the attorney.  In all other instances, the time within which to appeal shall be calculated from the receipt of the required document by the complainant.

### Section 1614.403  How to appeal.

(a)  The complainant, agency, agent, grievant or individual class claimant (hereinafter appellant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P.O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile.  The complainant should use EEOC Form 573, Notice of Appeal/Petition [copy enclosed], and should indicate what is being appealed.

(b)  The appellant shall furnish a copy of the appeal to the opposing party [Deputy for Equal Employment Opportunity Compliance and Complaints Review and to the agency representative – addresses shown above] at the same time it is filed with the Commission.  In or attached to the appeal to the Commission, the appellant must certify the date and method by which service was made on the opposing party [Deputy for Equal Employment Opportunity Compliance and Complaints Review].

(c)  If an appellant does not file an appeal within the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely.

(d)  Any statement or brief on behalf of a complainant in support of the appeal must be submitted to the Office of Federal Operations within 30 days of filing the notice of appeal.  Any statement or brief on behalf of the agency in support of its appeal must be submitted to the Office of Federal Operations within 20 days of filing the notice of appeal.  The Office of Federal Operations will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long.

- 5 -

(e)  The agency must submit the complaint file to the Office of Federal Operations within 30 days of initial notification that the complainant has filed an appeal or within 30 days of submission of an appeal by the agency.

(f)  Any statement or brief in opposition to an appeal must be submitted to the Commission and served on the opposing party within 30 days of receipt of the statement or brief supporting the appeal, or, if no statement or brief supporting the appeal is filed, within 60 days of receipt of the appeal.  The Office of Federal Operations will accept statements or briefs in opposition to an appeal by facsimile provided they are no more than 10 pages long.

### Section 1614.407 Civil action: Title VII, Age Discrimination in Employment Act and Rehabilitation Act.

A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under Title VII, the ADEA [Age Discrimination in Employment Act] and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

(a)  Within 90 calendar days of receipt of the final action on an individual or class complaint if no appeal has been filed;

(b)  After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
(c)  Within 90 days of receipt of the Commission's final decision on an appeal; or

(d)  After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

### Section 1614.409  Effect of filing a civil action.

Filing a civil action under § 1614.408 or § 1614.409 shall terminate Commission processing of the appeal.  If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing.

If a civil action is filed and complainant does not have or is unable to obtain the services of a lawyer, the complainant may request the court to appoint a lawyer.  In such circumstances as the court may deem just, the court may appoint a lawyer to represent the complainant and may authorize the commencement of the action without the payment of fees, costs, or security.  Any such request <u>must</u> be made within the

- 6 -

above referenced 90-day time limit for filing suit and in such form and manner as the court may require.

You are further notified that if you file a civil action, you must name the appropriate Department or Agency head as the defendant and provide his or her official title. **DO NOT NAME JUST THE AGENCY OR DEPARTMENT.** Failure to name the head of the Department or Agency or to state her or her official title may result in the dismissal of the case. The appropriate agency is the Department of the Army. The head of the Department of the Army is the Honorable Pete Geren, Secretary of the Army.

### Docket Numbers

The docket numbers identified on page one of this letter should be used on all correspondence.

Sincerely,

Insook Cho
Acting Deputy for Equal Employment Opportunity
Compliance and Complaints Review

Enclosures

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VEDA PRYOR** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1392 (RMC)** |
| ) | |
| **THE HONORABLE PETE GEREN** ) | |
| **Acting Secretary of the Army, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

This matter comes before the Court on Defendant's Motion to Dismiss Based upon the

motion, the opposition thereto, and the entire record herein, it is this _____ day of

_____, 20___ hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that judgment shall be entered for Defendants, and that this matter is

hereby DISMISSED.

SO ORDERED.

_____
ROSEMARY M. COLLYER
United States District Judge

Copies to:
Parties via ECF and First Class mail