UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VEDA PRYOR,**             )<br>                             )<br>        **Plaintiff,**       )<br>                             )<br>        v.                   )<br>                             )<br> **PETE GEREN,**              )<br>**Acting Secretary of the Army,** *et al.*, )<br>                             )<br>        **Defendants.**      )<br>                             ) | Civil Action No. 07-1392 (RMC) |

**ORDER DIRECTING PLAINTIFF TO RESPOND TO DEFENDANTS'
MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION TO TRANSFER**

Defendants, by counsel, have filed a motion to dismiss or, in the alternative, to transfer venue [Dkt. # 14].  Because resolution of this motion may dispose of the case, the Court advises the *pro se* Plaintiff of her obligations under the Federal Rules of Civil Procedure and the local rules of this Court.  *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *Ham v. Smith*, 653 F.2d 628 (D.C. Cir. 1981).

Plaintiff is advised that the Court will rule on the Defendants' motion taking into consideration the facts proffered by Plaintiff in her complaint, along with her response or opposition to the motion.  Plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

LCvR 7(b). If Plaintiff fails to respond to the motion, the Court may grant the motion and dismiss the case. *Fox v. Strickland*, 837 F.2d at 509. In addition, Plaintiff's attention is directed to Rule 6(e) of the Federal Rules of Civil Procedure which provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party [by mail], 3 days shall be added to the prescribed period.

Fed. R. Civ. P. 6(e).

The Court may treat as conceded any motion not opposed within the time limits outlined above. Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined above. Thus, failure to respond to the Defendants' motion in this case carries with it the risk that the case will be dismissed.

Accordingly, it is hereby

**ORDERED** that Plaintiff shall file her opposition or other response to Defendants' Motion to Dismiss and, in the Alternative, Motion to Transfer Venue [Dkt. # 14] by **December 10, 2007**. If Plaintiff does not respond in a timely manner, the Court may treat the motion as conceded and summarily dismiss the case.

Date: November 9, 2007                                        /s/
                                                                    ROSEMARY M. COLLYER
                                                                    United States District Judge