# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VEDA PRYOR** | ) |
| **Plaintiff** | ) |
| **v.** | ) **CIVIL ACTION NO. 1:07-CV-01392-(RMC)** |
| **THE HONORABLE PETE GEREN** | ) |
| **Acting Secretary of the Army, et al.** | ) |
| | ) |
| | ) |

# RECEIVED

DEC 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION NOT TO TRANSFER OR DISMISS FOR LACK OF JURISDICTION AND/OR VENUE

I, Veda Pryor (Plaintiff) respectfully would like to state to the Courts the Venue is proper in this Court under 28 U.S.C. 28 §1391(e) because this is a Civil action in which the defendants Pete Geren, Robert Fano and Eugene Johnson are officers of the United States operating in their official capacities and the US Army is an agency of the United States. Because of many of the events that led up to the complaint filed the claim should remain in this judicial district. The Pentagon physical address is Washington, DC, personnel records for the Plaintiff are located in Arlington VA, and Official records of the Plaintiff are located at Aberdeen Proving Grounds (Maryland). *Please refer to Attachments.*

Also section 1343 states the district court shall have an original jurisdiction of any civil action authorized by law. There was a breach of the original Settlement Contract in which Eugene Johnson and Robert Fano acted recklessly and with malice in their official capacities. *See* Kolstad v. American Dental Association, Philadelphia W & B.R. Co. v. Quigley, *also* Farmer v. Brennan, 511 U.S. 825, 837 (1994).

I feel that concerns of the US Attorney and the defendants are not justified. Nevertheless, it is my best judgment that I have a right to a fair trial that would require the case not to be transferred, as I would be unable to attend hearings in Virginia based on my current disability.

To conclude I respectfully request that the District Court of District of Columbia Review the merits of this case, under title VII and the breach of contract. At the time of the settlement agreement this case was schedule for a hearing before the Administrative Law Judge (EEOC). As page 4 of the settlement states (7)The parties agree that in the event it is determined that a

provision(s) of this Settlement Agreement is contrary to law or regulation or is otherwise

unenforceable, only that provision(s) shall be considered null and void and all other provision

shall remain in full force and effect.

Respectfully submitted,

Veda Pryor

Veda Pryor

14769 London Lane

Bowie, Maryland  20715

301-352-7099

December 14, 2007

UEC 1 4 5006

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VEDA PRYOR | ) |
| Plaintiff | ) |
| v. | ) CIVIL ACTION NO. 1:07-CV-01392-(RMC) |
| THE HONORABLE PETE GEREN | ) |
| Acting Secretary of the Army, et al. | ) |
| | ) |

## ORDER NOT GRANTING DEFENDANTS MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION TO TRANSFER

For reasons stated by Veda Pryor (*pro-se*) that this matter comes before the Court Order Not Granting Defendants Motion to Dismiss and in the Alternative Motion to Transfer based upon the motion, the opposition thereto, and the entire record herein, it is this____day of

_____, 20____hereby

ORDERED that the Plaintiff's Motion is GRANTED, and it is further

ORDERED that the judgment shall not be entered for the Defendants, and that this matter is hereby NOT DISMISSED

SO ORDERED

_____
Rosemary M. Collyer
United States District Judge

Copies to:

**BY FIRST CLASS MAIL**

Clerk's Office

US District Court

For The District of Columbia

333 Constitutions Ave, NW

Washington, DC  20001


Mr. Brian C. Baldrate

Special Assistant U.S. Attorney

555 Fourth Street, N.W.,

Washington, D.C. 20530

202-353-9895

## CERTIFCATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Motion was mailed to the courts and counsel at the addresses listed below on this _14th_ day of _December_ , 2007. Clerk's Office

U.S. District Court

For The District of Columbia

333 Constitutions Ave, NW

Washington, DC  20001


Mr. Brian C. Baldrate

Special Assistant U.S. Attorney

555 Fourth Street, N.W.,

Washington, D.C. 20530

DEC 1 3 2007

# EXHIBIT 1



DEPARTMENT OF THE ARMY
HQDA CPAC LMER BOX 37
2511 JEFFERSON DAVIS HIGHWAY
ARLINGTON VA 22202

May 31, 2007

CIVILIAN HUMAN
RESOURCES AGENCY

SUBJECT: Workers Compensation          Case No: A252058914

U.S. Department of Labor
Office of Worker's Compensation Programs
Attn: Dennis Eley – Claims Examiner
800 North Capital Street, N.W. Room 800
Washington DC 20211

Dear: Mr.Eley

The purpose of this correspondence is to notify your agency that claimant: Veda Pryor resigned from this agency February of this year due to an EEO Settlement Agreement. In accordance with the FECA Procedure Manual section 2-0814-10 and CFR regulations 8106 (c) 2, the claimant should not be entitled to compensation. A CA-7 has been submitted to your office for payment by the claimant for the period 4/16/2007 through 5/18/2007. Feel free to call me (703) 602-5757 if you need further information. Thank you very much for your time.

Eugene Johnson, Jr.
Injury Compensation Program Administrator



**DEPARTMENT OF THE ARMY**
**HQDA CPAC LMER BOX 37**
**2511 JEFFERSON DAVIS HIGHWAY**
**ARLINGTON VA 22202**

June 28, 2007

**CIVILIAN HUMAN**
**RESOURCES AGENCY**

U.S. Department of Labor
Office of Workers' Compensation Programs
ATTN: Mr. Dennis Eley, Claims Examiner
800 North Capital Street, N.W.
Room 800
Washington, D.C. 20211

    Re: OWCP File No. 252058914 (Veda L. Pryor)

Dear Mr. Eley:

    This letter is a follow-up to a May 31, 2007, letter sent to your office by Mr. Eugene Johnson, Injury Compensation Program Manager, concerning OWCP File No. 252058914 - Veda L. Pryor. Regrettably, our letter incorrectly stated that Ms. Pryor had resigned from the Department of the Army (agency) in February 2007. After learning of this error, we called your office last week (June 20, 2007), and advised that Ms. Pryor did not resign from the agency until May 7, 2007. See enclosure. We also promised to follow-up in writing.

    As you are aware, Ms. Pryor has a filed a claim of compensation related to a wrist injury. She has submitted Forms CA 7a for the period April 16, 2007 through May 18, 2007. To assist you in adjudicating her eligibility for compensation, we offer the following information.

    From the period January 3, 2007 through April 13, 2007, Ms. Pryor was in paid, non-duty status (administrative leave). On April 16, 2007, Ms. Pryor was placed in a leave without pay status (LWOP). She remained in a LWOP status until the date of her resignation on May 7, 2007. During the period Ms. Pryor was in a LWOP status, her job was no longer available. Accordingly, it is our understanding that Ms. Pryor would be eligible for wage-loss benefits during the period she was in a LWOP status.

Printed on     led Paper

Ms. Pryor's voluntary resignation may have terminated her eligibility for benefits, but that is a determination for your office, not ours. We have provided Ms. Pryor a copy of this letter. If you have any additional questions, concerning this matter, please contact Mr. Johnson at (703) 602-5757.

Sincerely,

*Kpindi Kosseh*

Kpindi Kosseh
Chief, Labor/Management
Employee Relations Division

Enclosure



**DEPARTMENT OF THE ARMY**
**HQDA CPAC LMER BOX 37**
**2511 JEFFERSON DAVIS HIGHWAY**
**ARLINGTON VA 22202**

June 28, 2007

**CIVILIAN HUMAN**
**RESOURCES AGENCY**

Ms. Veda L. Pryor
14769 London Lane
Bowie, Maryland  20715

Re:  OWCP File No. 252058914 (Veda L. Pryor)

Dear Ms. Pryor:

I am writing to apologize for an error this office made in a letter we sent to the U.S. Department of Labor, Office of Workers' Compensation Programs, on May 31, 2007.

In that letter, we incorrectly stated that you had resigned from the Department of the Army (agency) in February 2007.  After learning of this error, we called the Department of Labor on June 20, 2007, and advised that you did not resign from the agency until May 7, 2007.  We followed up that telephone call with written correspondence.  I enclose a copy of our letter for your information.

I regret the error and any inconvenience that it has caused you.

Sincerely,

Kpindi Kosseh
Chief, Labor/Management
Employee Relations Division

Enclosure

Printed on ♻ Recycled Paper

# EXHIBIT 2



**DEPARTMENT OF THE ARMY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1777 NORTH KENT STREET
ROSSLYN, VIRGINIA 22209-2194

REPLY TO
ATTENTION OF:

DAJA-LE                                                              20 July 2007

MEMORANDUM FOR Hope S. Ward, Office of the Deputy for Equal Employment
Opportunity Compliance and Complaints Review, 1901 South Bell Street,
Suite 109B, Arlington, Virginia  22202-4508

SUBJECT:  Allegation of Noncompliance with the Negotiated Settlement
Agreement in the EEO complaints of Veda Pryor, Agency Numbers
ARHQOSA05NOV12283 and ARHQOSA04FEB0142

1.  This responds to your request for our position concerning Ms. Veda Pryor's
allegation that the agency is in breach of the Negotiated Settlement Agreement
(Agreement) resolving the two complaints referenced above.  Specifically, in a
letter dated July 5, 2007, Ms. Pryor contends that the agency is in breach of the
Agreement because of the delay in processing her resignation, resulting in a
lapse of her health benefits.  As discussed below, the agency contends that there
has been no breach of the Agreement.

2.  Pursuant to the Negotiated Settlement Agreement, dated December 12, 2006,
the agency agreed to place Ms. Pryor in a paid, non-duty status (administrative
leave) for 480 hours.  After exhaustion of administrative leave, the agency
agreed to place Ms. Pryor in a leave without pay (LWOP) status for 480 hours.
The amount of LWOP available to Ms. Pryor was increased an additional 80
hours due to the delay in issuing an accurate Notification of Personnel Action
documenting Ms. Pryor's promotion.  After the expiration of LWOP, in July 2007,
the agency would initiate Ms. Pryor's resignation.

3.  Ms. Pryor was in an administrative leave status for the period January 3,
2007 through April 13, 2007.  On April 16, 2007, the agency placed Ms. Pryor in
a LWOP status.  On May 7, 2007, Ms. Pryor notified agency officials of her desire
to resign from her position as a Paralegal Specialist, U.S. Army Legal Services
Agency (USALSA), effective that date.  Thus, Ms. Pryor's voluntary resignation
on May 7, 2007, was unexpected.

4.  Based on Ms. Pryor's request, USALSA officials timely submitted
(electronically) a Request for Personnel Action (RPA) to the Northeast Region
Civilian Personnel Operations Center (CPOC), the servicing Human Resources
office.  The Northeast Region CPOC returned the RPA to USALSA.  Regrettably
USALSA officials were unaware that the RPA had been returned to them
electronically until they received a telephone call from the Northeast Region

Printed on ♻ Recycled Paper

Encl. 3b

DAJA-LE
SUBJECT: Allegation of Noncompliance with the Negotiated Settlement
Agreement in the EEO complaints of Veda Pryor, Agency Numbers
ARHQOSA05NOV12283 and ARHQOSA04FEB0142

CPOC. Their call had been prompted by a telephone call they had received from
Ms. Pryor. I regret to admit that there was a miscommunication regarding the
submission of the RPA documenting Ms. Pryor's resignation, thus resulting in a
delay in issuing the SF-50.

5. Meanwhile, Ms. Pryor contacted a USALSA official with questions concerning
the withdrawal of her retirement contributions, health and life insurance benefits.
He advised Ms. Pryor to contact the Army Benefits Center - Civilian (ABC-C). It
appears that Ms. Pryor's contact with ABC-C on or about June 6, 2007, revealed
that she was still listed as being in a LWOP category. This conversation likely
prompted Ms. Pryor to contact the Northeast Region CPOC, which resulted in the
discovery that the RPA had been returned to USALSA, although officials there
were unaware of it.

6. In regard to health benefits, an employee who separates from the federal
service automatically receives continuation of health benefits for 31 days
following the last day of the pay period in which the employee separated from
service. In order to continue health benefits after the 31-day grace period, an
employee must submit a Temporary Continuation of Coverage (TCC) election.
This coverage may continue for up to 18 months. The request for TCC must be
submitted within 60 days after the date of separation, or 60 days after the date of
the employing office's notice, whichever is later. Because TCC is for non-
employees, applications are sent to the National Finance Center (NFC) in New
Orleans for processing. The former employee will receive a coupon book for the
premiums. The NFC notifies the carrier selected and the carrier must also
process the enrollment. Coverage is retroactive to the date when the grace
period ended. Thus, it is not uncommon for former employees, like Ms. Pryor, to
experience a lapse in coverage and have to pay for a service until the enrollment
is processed. Ms. Pryor will be eligible for reimbursement in accordance with the
plan's coverage.

7. In Ms. Pryor's case, she did not receive notice of her election to apply for TCC
until June 27, 2007. Thus, Ms. Pryor had 60 days from that date to apply for
TCC. On July 5, 2007, Ms. Pryor contacted ABC-C requesting information about
TCC and the refund of her retirement contributions. On July 11, 2007, she had
another conversation with ABC-C, asking about TCC. Ms. Pryor stated that she
was receiving workers' compensation benefits. However, that statement was not
correct because Ms. Pryor's eligibility for workers' compensation benefits
terminated the effective date of her resignation. This distinction is significant

2

DAJA-LE
SUBJECT: Allegation of Noncompliance with the Negotiated Settlement
Agreement in the EEO complaints of Veda Pryor, Agency Numbers
ARHQOSA05NOV12283 and ARHQOSA04FEB0142

because there are two different processes for TCC, depending on whether an
employee is or is not receiving workers' compensation benefits. On July 13,
2007, this matter was clarified and ABC-C forwarded to the NFC Ms. Pryor's
application for TCC, where it is being processed. An ABC-C representative
informed Ms. Pryor of this fact on that same day.

8. There is no specific provision in the Agreement related to this issue. Further,
Ms. Pryor has not provided any evidence that agency officials have breached the
Agreement. Ms. Pryor is upset with the delay in processing her resignation.
Agency officials regret the delay but it was unintentional. Although the agency's
delay may have resulted in a temporary lapse of health benefits, this issue has
been corrected and Ms. Pryor's health benefits will be restored retroactively.

9. In conclusion, the agency contends there is no correlation or relationship
between the Agreement and the agency's delay in processing Ms. Pryor's
resignation. Therefore, there is no merit to Ms. Pryor's contention that the
Agreement must be rescinded and her complaints reinstated.

10. If you have any additional questions concerning this matter, please call me
at (703) 588-6731.

ROBERT M. FANO
Chief, Civilian Personnel
Law Team

3

# EXHIBIT 3

Case 1:07-cv-01392-RMC     Document 17-2     Filed 12/17/2007     Page 13 of 17



## ARMY BENEFITS CENTER-CIVILIAN
### 301 Marshall Avenue
### Fort Riley, KS 66442-5004

---

**Date: 13-Jul-07**                 **Number of Pages Including Cover Sheet:** 8

---

**To:** Ms. Veda L. Pryor

☐ CPOC/CPAC, Attn: _____
☐ DFAS, Attn: **Mr. Gigli**
☐ FEHB Carrier: Attn: _____
☒ **Ms. Pryor**

**Fax Number: 301-352-0772**
**Telephone:    240-286-6094**

**From:**

**Sharon Brooks**

**Fax Number:**     ☒     **(785) 239-2273**
                    ☐     **(785) 239-0016**
                    ☐     **(785) 239-6228**

---

**Remarks:**

Per your request here is a copy of the documentation that I use to process your application for Temporary Continutation of Coverage.

## Transmission Report

| | | | Transmit Header Text | ARMY BENEFITS CTR. |
|---|---|---|---|---|
| Date/Time | 07-13-2007 | 14:51:12 | Local Name 1 | SPECIAL PROJECTS BRANCH-ABC-C |
| Local ID 1 | 785+239+6228 | | Local Name 2 | |
| Local ID 2 | | | | |

### This document : Confirmed

### (reduced sample and details below)

### Document size : 8.5"x11"



**ARMY BENEFITS CENTER-CIVILIAN**
**301 Marshall Avenue**
**Fort Riley, KS 66442-5004**

Date: 13-JUL-07     Number of Pages Including Cover Sheet: *3*

**To: TCC ENROLLMENT**

☐ CPOC/CPAC, Attn: _____
☐ DFAS, Attn: _____
☐ FEHB Carrier: Attn: _____
☒ NPC

Fax Number: **504-426-9759**
Telephone: **504-255-5990**

**From:**

Sharon Brooks

Phone: 785-239-3562

Fax Number:
   ☒   (785) 239-2273
   ☐   (785) 239-8016
   ☐   (785) 239-6228

**Remarks:** Urgent enrollment can you please expedite TCC application for Veda L. Pryor. Ms. Pryor is in need of medical assistance. Please call me if there are any problems with processing this application. Thanks, Sharon

Total Pages Scanned : 3       Total Pages Confirmed : 3

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 445 | 504 426 9754 | 14:48:59 07-13-2007 | 00:01:28 | 3/3 | 1 | EC | HS | CP14400 |

Abbreviations:
HS: Host send
HR: Host receive
WS: Waiting send

PL: Polled local
PR: Polled remote
MS: Mailbox save

MP: Mailbox print
CP: Completed
FA: Fail

TU: Terminated by user
TS: Terminated by system
RP: Report

G3: Group 3
EC: Error Correct

# Brooks, Sharon Ms CIV USA SA

| | |
|---|---|
| **From:** | Hopson, Valorie Ms CIV USA SA |
| **Sent:** | Friday, July 13, 2007 2:49 PM |
| **To:** | Brooks, Sharon Ms CIV USA SA |
| **Subject:** | FW: Ms. Pryor (UNCLASSIFIED) |

Classification:  UNCLASSIFIED
Caveats: NONE


Sharon, please place with Ms. Pryor TCC.  thanks -----Original Message-----
From: Swingle, Lynn Ms AG1CP PMD [mailto:lynn.swingle@us.army.mil]
Sent: Friday, July 13, 2007 2:45 PM
To: Hopson, Valorie Ms CIV USA SA
Cc: Swingle, Lynn Ms AG1CP PMD
Subject: Ms. Pryor (UNCLASSIFIED)

Classification:  UNCLASSIFIED
Caveats: NONE


Valorie,

In order for a former employee to continue FEHB as a compensationer, he/she has to be on
the long-term comp roles.  They are usually placed on LWOP with the compensation authority
code or may be terminated from service.  After being on the long term roles for at least
six months, OWCP will request the transfer of the FEHB enrollment or, the employing office
may transfer the enrollment after 10 months, even without OWCP's request.  I have verified
with Mr. Eugene Johnson, the installation Workers Comp Program Administrator, that Ms.
Pryor is not on long-term compensation roles and therefore cannot continue FEHB as a
compensationer.

Lynn Swingle
Program Management Division
Classification:  UNCLASSIFIED
Caveats: NONE

Classification:  UNCLASSIFIED
Caveats: NONE

1

| Print Message | | Close this window |
|---|---|---|

**From** "MS. VP" <ms_vlp@verizon.net>
**Date** 2007/07/12 Thu AM 08:33:31 EDT
**To** rhonda.hamilton@hqda.army.mil
**Subject** [Fwd: Re: RE: worker comp, and benefits (UNCLASSIFIED)]

Ms. Hamilton:
I am forwarding this message to you in regards to health care benefits that were terminated during the processing of my resignation, which really should not have occurred. After speaking the Army benefits and OWCP, both have stated that they should have been transfered. CPOC did not process anything until 7 weeks later June 18, 2007, I did not receive none of this until June 27, 2007. You may reach me by phone 240-286-6094 or by e-mail.

=====================
From: "MS. VP" <ms_vlp@verizon.net>
Date: 2007/07/12 Thu AM 06:55:52 CDT
To: "Johnson, Eugene C Mr HQDA CPAC" <Eugene.Johnson@hqda.army.mil>
Subject: Re: RE: worker comp, and benefits (UNCLASSIFIED)

=====================
From: "Johnson, Eugene C Mr HQDA CPAC" <Eugene.Johnson@hqda.army.mil>
Date: 2007/07/12 Thu AM 06:55:52 CDT
To: "MS. VP" <ms_vlp@verizon.net>
Subject: RE: worker comp, and benefits (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: NONE

Ms. Pryor,

Please contact HR Specialist Ms. Rhonda Hamilton @ 703 602-6111 to address your concerns.

-----Original Message-----
From: MS. VP [mailto:ms_vlp@verizon.net]
Sent: Wednesday, July 11, 2007 5:08 PM
To: Johnson, Eugene C Mr HQDA CPAC
Subject: worker comp, and benefits

Army benefits has stated all benefits should have been tranferred to OWCP, and that I should not be applying for TCC. I have also spoken to OWCP, OPM. OWCP states they don't have anything pertaining to my benefits for deductions. I do have the names of all those whom I have spoken with.

Veda Pryor

"BE A FRIEND TO THYSELF, AND OTHERS WILL BE TOO."
Classification: UNCLASSIFIED
Caveats: NONE

"BE A FRIEND TO THYSELF, AND OTHERS WILL BE TOO."

DERNING KM 159

CHR/
TN: P
Johnson Street
Aberdeen Proving Ground, MD 21005-5000

fficial Business

Veda Pryor

Pryor
Loudin Lane
Bowie, MD 20715

Standard Form 52
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296–33, Subch. 3

## REQUEST FOR PERSONNEL ACTION

**PART A – Requesting Office (Also complete Part B, Items 1, 7–22, 32, 33, 36, and 39.)**

| 1. Actions Requested | 2. Request Number |
|---|---|
| Separation | 07MAY4HTALSA00032100 |

| 3. For Additional Information Call (Name and Telephone Number) | 4. Proposed Effective Date |
|---|---|
| David W. Glover    7035886498 | |

| 5. Action Requested By (Name, Title, Signature, and Request Date) | 6. Action Authorized By (Name, Title, Signature, and Concurrence Date) |
|---|---|
| Doris G. Hernandez<br>SUPV MANAGEMENT SERVICES SPEC | |

**PART B – For Preparation of SF 50 (Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)**

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| PRYOR, VEDA L | 215–66–1872 | 06–06–1958 | |

**FIRST ACTION**    **SECOND ACTION**

| 5–A. Code | 5–B. Nature of Action | 6–A. Code | 6–B. Nature of Action |
|---|---|---|---|
| 317 | Resignation | | |

| 5–C. Code | 5–D. Legal Authority | 6–C. Code | 6–D. Legal Authority |
|---|---|---|---|
| | | | |

| 5–E. Code | 5–F. Legal Authority | 6–E. Code | 6–F. Legal Authority |
|---|---|---|---|
| | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| PARALEGAL SPEC<br>191343 – 1171799 | |

| 8. Pay Plan | 9. Occ.Code | 10.Grade/Level | 11.Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18.Grade/Level | 19.Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YA | 0950 | 02 | 00 | $56,065.00 | PA | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $47,276.00 | $8,789.00 | $56,065.00 | $0 | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| HQDA, OFC, THE JUDGE ADVOCATE GENERAL<br>US ARMY LEGAL SERVICES AGENCY<br>CONTRACT APPEALS DIVISION<br>TRIAL TEAM III<br>WASHINGTON, D.C. | |

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1    1 – None   3 – 10–Point/Disability   5 – 10–Point/Other<br>2 – 5–Point   4 – 10–Point/Compensable   6 – 10–Point/Compensable/30% | 1    0 – None   2 – Conditional<br>1 – Permanent   3 – Indefinite | | YES  X  NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| D0   Basic + Option A | 9    Not Applicable | 0 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part–Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| C   FICA and CSRS (Partial) | 12–27–1984 | F    Full–Time | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1   1 – Competitive Service   3 – SES General<br>2 – Excepted Service   4 – SES Career Reserved | E    E – Exempt<br>N – Nonexempt | 43521200BNC1 | 7777 |

| 38. Duty Station Code | 39. Duty Station (City – County – State or Overseas Location) |
|---|---|
| 510100013 | ARLINGTON / ARLINGTON / VIRGINIA |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship | 50. Veterans Status | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| 04 | | | 00 | 1   1–USA   8–Other | X | 8 |

**PART C – Reviews and Approvals (Not to be used by requesting office.)**

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | | | D. | | |
| B. | | | E. | | |
| C. | | | F. | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

| Signature | Approval Date |
|---|---|
| | |

CONTINUED ON REVERSE SIDE
52–119                          **OVER**

**PART D – Remarks by Requesting Office**

(Note to Supervisors:  Do you know of additional or conflicting reasons for the employee's resignation/retirement?
If "YES", please state these facts on a separate sheet and attach to SF 52.)                    ☐ YES    ☐ NO

**PART E – Employee Resignation/Retirement**

Privacy Act Statement

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits. Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code. Sections 301 and 3301 authorize OPM and agencies to issue

regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. Reasons for Resignation/Retirement (NOTE: Your reasons are used in determining possible unemployment benefits. Please be specific and avoid generalizations. Your resignation/retirement is effective at the end of the day – midnight – unless you specify otherwise.)

To pursue career allowing me to work around impairment from injury on 8/31/01

| 2. Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, Zip Code) |
|---|---|---|---|
| 5/7/07 | Vida Pryor | 5/7/07 | 14769 London Ln<br>Bowie MD 20715–2550 |

**PART F – Remarks for SF 50**

M67        Forwarding address: _____ .
14769 London Lane
Bowie, Maryland 20715