IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VEDA PRYOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE HONORABLE PETE GEREN )<br>Secretary of the Army, <u>et al</u>. )<br>)<br>Defendants. )<br>) | Civil Action No. 07-1392 (RMC) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION TO TRANSFER**

Defendants respectfully submit their Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and, in the Alternative, Motion to Transfer. In support of this submission, Defendants rely upon their opening motion and memorandum, Plaintiff's Opposition, and the following brief.

**I. PRELIMINARY STATEMENT**

On November 8, 2007, Defendants filed a Motion to Dismiss and, in the Alternative, Motion to Transfer, on Plaintiff's claims raised in her pro se Original Complaint, and her "Amendment to Original Complaint," which Defendants' have construed as a supplemental pleading. Plaintiff alleges that the Army breached various provisions of a settlement agreement resolving her workplace discrimination complaints filed when she worked as a paralegal for the Department of the Army in Arlington, Virginia. In her Opposition, Plaintiff now asserts a jurisdictional basis for her claims, alleging that she is bringing suit under Title VII and a breach of contract claim. However, Plaintiff's Opposition fails to establish that venue lies in the District of Columbia. Accordingly, Plaintiff's claims should be transferred to the proper forum pursuant

to 28 U.S.C. § 1391(a).

## II. ARGUMENT

**A.     Plaintiff's Breach of Contract Claim is Under the Exclusive Jurisdiction of the Court of Federal Claims.**

In her Opposition, Plaintiff alleges that she brings this case as both a suit under Title VII and as a breach of contract claim.  Although Title VII might have been the basis of the settlement agreement resolving her workplace discrimination claims, this Circuit has held that a claim of breach of the settlement agreement is a straightforward contract dispute.  See Hansson v. Norton, 411 F.3d 231, 232 (D.C. Cir. 2005).  As such, the breach of contract claim should be brought in the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491.  See Brown v. United States, 389 F.3d 1296, 1297 (D.C. Cir. 2004).

Jurisdiction would lie in the Court of Federal Claims even though Plaintiff has requested non-monetary relief.  The D.C. Circuit has stated that "a claim for equitable relief under Title VII and a related claim for breach of contract does not give the district court jurisdiction over the contract claim, that if brought separately would be exclusively in the Court of Federal Claims." Rochon v. Gonzalez, 438 F.3d 1211, 1214 (D.C. Cir. 2006).  The Tucker Act specifically provides that the Court of Federal Claims has the authority to grant not only monetary relief, but equitable relief, when it is tied to a monetary judgment:

> To provide an entire remedy and to complete the relief afforded by the [money] judgment, the [Court of Federal Claims] may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

28 U.S.C. § 1491(a)(2).  Thus, the Court of Federal Claims has the power to award Plaintiff the

remedy that she seeks.

As the Court of Federal Claims possesses jurisdiction under the Tucker Act over Plaintiff's contract claim, transfer to that court would be appropriate in this case.

**B.**     **Plaintiff's Title VII Claim is Not in the Proper Venue**.

Despite the existence of jurisdiction in the Court of Federal Claims, this Circuit has questioned whether a district court might exercise supplemental jurisdiction over contract claims that would otherwise fall within the exclusive jurisdiction of the Court of Federal Claims. See Greenhill v. Spellings, 482 F.3d 569, 573 (D.C. Cir. 2007). However, even if this case were to be construed as an action under Title VII, with supplemental jurisdiction being exercised over Plaintiff's contract claim, this Court is not the proper venue.[1]

As set forth in Defendant's opening brief, venue in Title VII cases is governed by 42 U.S.C. § 2000e-5(f), which limits venue to the location of the acts, records, or positions on which the complaint is based, if the defendants can be found there. Defendants in this case can be found in Arlington, Virginia. Although Plaintiff asserts that the Pentagon, as the principal office of Defendant Secretary of the Army, is located in Washington D.C., this Court has already addressed this issue and concluded that the Pentagon is located in Arlington, Virginia, not in the District of Columbia. See Saran v. Harvey, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005); Brewer v. Eng., 2003 U.S. Dist. LEXIS 17276 (D.D.C. 2003) (citing Monk v. Secretary of the Navy, 793 F.2d 364, 369, n.1 (D.C. Cir. 1986)); Donnell v. National Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983).

---

[1] Moreover, any decision to assert supplemental jurisdiction of the contract claim would belong to the District Court where the Title VII claim was properly raised. See Munoz v. England, 2006 U.S. Dist. Lexis 84119, *14 (D.D.C 2006).

Moreover, Plaintiff admits in her Opposition that her personnel records were maintained in Arlington, Virginia.[2]  It is undisputed that Plaintiff worked in Arlington, Virginia, and all of the alleged unlawful employment actions occurred there.  This case has no connection to Washington D.C., except for the mailing address of the Pentagon. As such, Plaintiff has failed to demonstrate that venue is proper in this District.

**C.     Plaintiff has Not Established that Robert Fano and Eugene Johnson are Proper Defendants in this Action, Therefore They Should Be Dismissed.**

Plaintiff's Opposition fails to establish that Robert Fano or Eugene Johnson are proper Defendants in this action.  Defendants Fano and Johnson are improper parties to Plaintiff's contract claim because contract claims can only be brought against the United States, not individual parties. Van Drasek v. Lehman, 762 F.2d 1065, 1069 (D.C. Cir. 1985); Cottrell v. United States, 42 Fed. Cl. 144, 149 (Ct. Cl. 1998).  Additionally, Defendants Fano and Johnson are improper parties if this case is construed primarily as a Title VII claim because the agency head is the only proper Defendant in an action under Title VII. See 42 U.S.C. § 2000e-16(c).

Plaintiff alleges that the Court has jurisdiction over her claims against Defendants Johnson and Fano because she asserts that they "acted recklessly and with malice in their official capacities."  In support of this argument, she cites to three cases: Kolstad v. American Dental Assoc., 527 U.S. 526 (1999); Philadelphia W & B.R. Co. V. Quigley, 62 U.S. 202 (1859); and

---

[2] Plaintiff also asserts that her "official" records were maintained at Aberdeen Proving Ground, Maryland.  Plaintiff is presumably referring to records maintained by the Civil Personnel Operations Center ("CPOC") located at Aberdeen Proving Grounds.  Any records maintained by the CPOC would be shipped to long term storage in St. Louis once Plaintiff resigned from federal service; regardless however, this issue is irrelevant as Plaintiff is not seeking to bring this case in the District Court for the District of Maryland.

Farmer v. Brennan, 511 U.S. 825 (1994).  None of these cases support Plaintiff's claims. Kolstad involved the availability of punitive damages in Title VII claims against private employers.  Id.  Punitive damages are not available in suits against the federal government.  See 42 U.S.C. § 1981a(b)(1).  Quigley held that under certain circumstances, prison officials may be held liable under the Eighth Amendment for acting with deliberate indifference to inmate health and safety.  Id.  The Eighth Amendment, protecting citizens from cruel and unusual punishment, is not at issue here.  Finally, Farmer dealt with whether a private corporation could commit the offense of libel–an issue wholly inapplicable to the instant case.  Id.

In short, none of the cases cited by Plaintiff contradict the clear statutory language and case law that individual Defendants are improper parties in contract claims and Title VII claims against the United States.  Accordingly, Defendants Robert Fano and Eugene Johnson should be dismissed as parties.

### III. CONCLUSION

For the foregoing reasons, and those set forth in the Defendants' opening brief, the Defendants respectfully request that this Court transfer Plaintiff's claims to the U.S. Court of Federal Claims, or to the District Court for the Eastern District of Virginia, and dismiss Defendants Fano and Johnson as parties.

Respectfully submitted,

/s
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

5

                                    /s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:
Rebecca E. Ausprung
U.S. Army Litigation Division
Arlington, Virginia 22203-1837