UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
**VEDA PRYOR,**                                    )
                                                                  )
        **Plaintiff,**                              )
                                                                  )
        v.                                               )    Civil Action No. 07-1392 (RMC)
                                                                  )
**PETE GEREN** *et al.***,**                         )
                                                                  )
        **Defendants.**                         )
_____)

## ORDER

The Defendants have filed a Motion to Dismiss and, in the Alternative, Motion to Transfer the Complaint to a district where venue would be proper. *See* Dkt. # 14. The *pro se* Plaintiff has countered with a Motion to Transfer the case and a request to dismiss this action without prejudice. *See* Dkt. # 19. The Plaintiff's Motion will be construed as a Federal Rule of Civil Procedure 41(a)(1) voluntary dismissal, the Complaint will be dismissed without prejudice, and the Plaintiff will be free to file her action in the appropriate court.

In her Complaint, as amended, the Plaintiff alleges that the Defendants breached the contract by which she had settled her federal employment discrimination claims against them, and prays for $280,000 in compensatory damages, $300,000 in punitive damages, and reinstatement. *See* Dkt. # 6. She also characterizes the Defendants' conduct as "retaliation" and "reprisal," and submits a right to sue letter from her former employer. She also alleges that she suffered emotional distress. She does not assert a basis for this Court's jurisdiction, leaving open the possibility that she intended to state claims for retaliation under Title VII or common law emotional distress. The Defendants have moved to dismiss the Complaint for lack of jurisdiction if it is construed as a contract claim. They have moved in the alternative to transfer the Complaint to a district where venue would be proper if it is construed as a Title

VII claim. After first arguing that jurisdiction and venue are proper in this Court, the Plaintiff subsequently filed a motion to transfer the case to the United States Court of Federal Claims and to dismiss this case without prejudice.

A claim that seeks damages in excess of $10,000 for a breach of contract with a federal agency falls under the exclusive jurisdiction of the Court of Federal Claims. *Rochon v. Gonzales,* 438 F.3d 1211, 1214 (D.C. Cir. 2006) (citing 28 U.S.C. §§ 1346(a)(2), 1491(a)(1)). "It is well established that where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the Court of Federal Claims to the extent that damages exceed $10,000." *Awad v. United States,* 301 F.3d 1367, 1372 (Fed. Cir. 2002); *see also Wood v. United States,* 961 F.2d 195, 198 (Fed. Cir. 1992) (concluding that jurisdiction in the Court of Claims was proper where negligence and conversion claims were not independent of the underlying claim for breach of contract). Here, because Plaintiff has alleged a breach of contract, seeks damages in excess of $10,000, and her references to retaliation and emotional distress depend entirely on the alleged breach, the Court of Federal Claims has exclusive jurisdiction over this case. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss and, in the Alternative, Motion to Transfer [Dkt. # 14] is **GRANTED IN PART and DENIED IN PART**; and it is

**FURTHER ORDERED** that Plaintiff's Motion to Transfer [Dkt. # 19] is **GRANTED IN PART and DENIED IN PART**; and it is

**FURTHER ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Date: May 22, 2008

/s/
ROSEMARY M. COLLYER
United States District Judge